**Esta Margarita VOLKSEN, Appellant,**

v.

**STATE of Texas, Appellee.**

No. 11–86–182–CR.

Court of Appeals of Texas, Eastland.

Dec. 4, 1986.

Rehearing Denied Dec. 31, 1986.

Stan Brown, Brown & Kennedy, Abilene, for appellant.

Jorge A. Solis, Crim. Dist. Atty., Abilene, for appellee.

Opinion

DICKENSON, Justice.

After the district judge overruled her motion to dismiss for failure to provide a speedy trial,[1] Esta Margarita Volksen entered a plea of guilty, waived her right to trial by jury, and signed a stipulation of evidence which was also signed by her court-appointed attorney. The district judge accepted her plea and found her guilty of "engaging in organized criminal activity by delivery of methamphetamine," ordered a pre-sentence investigation, and subsequently assessed her punishment at confinement for a term of 15 years.[2]

Appellant presents a single point of error, arguing that the trial court erred in

---

1. See TEX.CODE CRIM.PRO.ANN. art. 32A.02 (Vernon Pamph.Supp.1986), the Texas Speedy Trial Act.

2. The sentence is to run concurrently with a prior 15–year sentence in the United States District Court for the Northern District of Texas, Abilene Division. Credit was also allowed for jail time served.

overruling her motion to dismiss for failure to provide a speedy trial.

The indictment is dated August 1, 1985, and it provides in pertinent part that:

[O]n or about the 12th day of April, 1984, ... ESTA MARGARITA VOLKSEN did then and there intentionally and knowingly with intent to establish, maintain and participate in a combination ... to commit the offense of DELIVERY OF A CONTROLLED SUBSTANCE, to-wit: METHAMPHETAMINE ... and ... performed overt acts as follows, to-wit:

\*    \*    \*    \*    \*    \*

(8) On or about April 12, 1984, Esta Margarita Volksen delivered by actual transfer methamphetamine of more than 28 grams to Charles G. James.

(9) On or about May 10, 1984, Esta Margarita Volksen delivered methamphetamine to John George Prystash in Coleman County, Texas.

In connection with the offense listed as overt act (8), appellant was arrested by a special agent of the Federal Bureau of Investigation on February 28, 1985. This did not start the time limitations of the Texas Speedy Trial Act, supra note 1.

The provisions of this statute did not begin to operate until the State indictment was returned, since the State did not have custody of appellant on this offense before that date. The State's announcement of ready was filed on August 16, 1985, [15 days after indictment], and appellant failed to show that the State was not ready for trial within the 120–day period allowed by the act. See Barfield v. State, 586 S.W.2d 538 (Tex.Cr.App.1979).

In connection with the offense listed as overt act (9), appellant was indicted in Coleman County 364 days prior to this Taylor County indictment, but proof of this offense was not needed and was not relied upon for a conviction under the Taylor County indictment. The stipulation of testimony refers only to appellant's commission of overt act (8).

The judgment of conviction is affirmed.